IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DEMETRIUS WORLDS, | |
| Plaintiff, | 4:17-CV-3018 |
| vs. | |
| MIDWEST DEMOLITION CO., | MEMORANDUM AND ORDER |
| Defendant. | |

    The plaintiff, Demetrius Worlds, claims that the defendant, Midwest Demolition, retaliated against him for making a lawful workers' compensation claim, requesting a reasonable accommodation for his disability, reporting unsafe work conditions, and on account of his race and color. The defendant has filed a partial motion to dismiss, arguing that counts 2-6 of the plaintiff's complaint are time-barred. For the reasons explained below, the defendant's motion will be granted. The plaintiff's remaining claim will be remanded to state court.

BACKGROUND

    The plaintiff's allegations are generally summarized as follows. In 2013, the plaintiff, who is African-American, was hired by the defendant as a laborer. Filing 1-1 at 1. Soon thereafter, the plaintiff was allegedly injured on the job, requiring medical treatment. The plaintiff claims to have reported the injuries—and his need for medical care—to his supervisor, who purportedly warned him "to return to work otherwise he would be fired." Filing 1-1 at 1. The same supervisor, the complaint alleges, told the plaintiff that "[t]here is no black that can outwork a Mexican." Filing 1-1 at 2. The plaintiff says that he reported other unsafe work conditions to his supervisor, which resulted in "adverse action against [him]." Filing 1-1 at 3.

    The plaintiff claims that he was "constructively discharged" by the defendant on or around October 27, 2013. Filing 1-1 at 2. The following month, he filed a charge of discrimination with the Nebraska Equal Opportunity Commission ("NEOC") on the grounds of alleged race, color, disability, and whistleblower retaliation. Filing 7-1 at 1. On July 16, 2014, the NEOC issued a determination of "no reasonable cause" and closed the charge. Filing 7-2 at 1. The NEOC letter included a warning that the

deadline for filing a lawsuit was "90 days after the receipt of this notice." Filing 7-2 at 1.

The plaintiff filed suit on January 10, 2017. *See* filing 1-1. He claims that he was retaliated against for making a lawful workers' compensation claim, requesting a reasonable accommodation for his disability, reporting unsafe work conditions, and on account of his race and color. *See* filing 1-1 at 2-3.[1] With the exception of count 1, which alleges retaliation based on the workers' compensation claim, the defendant moves to dismiss the plaintiff's claims as time-barred. Filing 5.

## STANDARD OF REVIEW

The defendant's motion to dismiss relies on Fed. R. Civ. P. 12(b)(6). Filing 5. When it appears from the face of the complaint itself that a limitation period has run, a limitations defense may properly be asserted through a Rule 12(b)(6) motion to dismiss. *Wycoff v. Menke*, 773 F.2d 983, 984-85 (8th Cir. 1985). And the Court may also consider some information which is not contained within the complaint, such as materials that are part of the public record and materials that are necessarily embraced by the pleadings, without transforming the motion into one for summary judgment. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) *see Greenman v. Jessen*, 787 F.3d 882, 887 (8th Cir. 2015). The NEOC determination submitted by the defendant in support of its motion to dismiss is such material. *See Faibisch v. Univ. of Minnesota,* 304 F.3d 797, 802 (8th Cir. 2002); *see also, Adams v. City of Indianapolis,* 742 F.3d 720, 729 (7th Cir.), *cert. denied sub nom. Adams v. City of Indianapolis, Ind.*, 135 S. Ct. 286 (2014); *Blazek v. U.S. Cellular Corp.*, 937 F. Supp. 2d 1003, 1017 (N.D. Iowa 2011).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must also contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* If, as here, the nonmoving party fails to respond to the motion to dismiss, the Court will accept the moving party's factual statements as true. *See* NECivR 7.1(b)(1)(C).

---

[1] As discussed below, the plaintiff also alleges in count 1 that he was retaliated against for filing a lawful workers' compensation claim "in violation of the public policy of the state of Nebraska." Filing 1-1 at 2.  The defendant has not moved to dismiss this claim.

DISCUSSION

The plaintiff seeks redress under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; and the Nebraska Fair Employment Practice Act (NFEPA), Neb. Rev. Stat. § 48-1101 *et seq.* The defendant argues that each claim is barred by the respective statutes of limitations.

### 1. NFEPA

The NFEPA makes it unlawful for an employer to discriminate based on "race, color, religion, sex, disability, marital status, or national origin" or because an employee "opposed any practice or refused to carry out any action unlawful under federal law or the laws of this state." Neb. Rev. Stat. §§ 48-1104 and 48-1114. A written charge of violation of the NFEPA shall be filed within 300 days after the occurrence of the alleged unlawful employment practice. § 48-1118(2). There is no statute of limitations during the NEOC's proceedings. *Adams v. Tenneco Auto. Operating Co.*, 358 F. Supp. 2d 878, 880 (D. Neb. 2005). But any suit following a determination by the NEOC must be filed within 90 days. *See* § 48-1120.01.

In *Hohn v. BNSF Railway*, the Eighth Circuit held that a claim filed more than 90 days after an NEOC determination should have been dismissed. 707 F.3d 995, 1000-01 (8th Cir. 2013). The plaintiff in that case had filed an employment discrimination charge with the NEOC which was closed by August 4, 2005, and a charge with the EEOC which resulted in a right-to-sue letter dated September 21. *Id.* at 999. The plaintiff filed suit in federal district court within 90 days of the EEOC's right-to-sue letter, but more than 90 days after the NEOC's final determination. *Id.* The Eighth Circuit held that the plaintiff's NFEPA claim was untimely because it was not filed within 90 days of the NEOC's determination. *Id.* at 1001. The same is true here.

The plaintiff filed his complaint nearly 3 years after the date of the NEOC notice. Accordingly, the plaintiff's NFEPA claims are dismissed.

### 2. TITLE VII AND THE ADA

The plaintiff also asserts claims under Title VII and the ADA. Under both provisions, a claimant must—before bringing suit in court—file a timely charge with the EEOC or NEOC. *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012). Under Title VII, if the administrative agency dismisses the aggrieved parties' charge, the claimant may file suit within 90 days of receiving such notice. *See* 42 U.S.C. § 2000e-5(f)(1). The ADA incorporates the "powers, remedies, and procedures" of Title VII; thus, the 90-day limitation period applies to the plaintiff's ADA claim as well. § 12117(a).

As explained above, because the complaint was filed more than 90 days after the NEOC notice, and because there is no indication (or allegation) that equitable tolling principles apply, *see Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir. 1989), the plaintiff's federal claims are barred.

### 3. REMAINING STATE LAW CLAIM

The only remaining claim, then, is the plaintiff's allegation that he was retaliated against for making a lawful workers' compensation claim in violation of Nebraska public policy. *See* filing 1-1 at 2.

The Court recognizes that it *may* continue to exercise supplemental jurisdiction over the plaintiff's remaining state law claim. *See*, 28 U.S.C. § 1367(a) and (c); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009). But the Court can also decline to do so where "the district court has dismissed all claims over which it has original jurisdiction." § 1367(c)(3). Having considered the plaintiff's state law claim, and factors such as judicial economy, convenience, fairness, and comity, *see Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737, 749 (8th Cir. 2009), the Court declines to exercise supplemental jurisdiction. Accordingly, the plaintiff's state law claim is remanded to state court.

IT IS ORDERED:

1. The defendant's motion to dismiss (filing 5) is granted.

2. This case is remanded to the District Court for Lancaster County, Nebraska.

Dated this 5th day of April, 2017.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge